**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LUIS TRUJILLO,<br><br>                  Plaintiff,<br><br>v.<br><br>CITY OF WAUKEGAN and OFFICER RICHARD TABISZ,<br><br>                  Defendants. | Case No. 1:25-cv-3381 |

**COMPLAINT**

NOW COMES the Plaintiff, LUIS TRUJILLO, by and through his attorney, Blake Horwitz, Esq., of The Blake Horwitz Law Firm, Ltd., and complaining of the Defendants, CITY OF WAUKEGAN, and OFFICER RICHARD TABISZ, states as follows:

**I.    JURISDICTION**

1. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**II.    PARTIES**

2. PLAINTIFF LUIS TRUJILLO ("PLAINTIFF") is a resident of the State of Illinois.

3. DEFENDANT OFFICER RICHARD TABISZ was at all times relevant hereto employed by and acting on behalf of the Waukegan Police Department and DEFENDANT CITY OF WAUKEGAN.

4. DEFENDANT CITY OF WAUKEGAN (Hereinafter "DEFENDANT CITY") is a duly incorporated municipal corporation and is the employer and principal of OFFICER

RICHARD TABISZ (hereinafter "DEFENDANT TABISZ"). At all times material to this Complaint, DEFENDANT TABISZ was acting under color of state law, ordinance and/or regulation, statutes, custom, and usages of the Waukegan Police Department and DEFENDANT CITY.

5. At all relevant times, DEFENDANT TABISZ was an agent and/or employee of the Waukegan Police Department and DEFENDANT CITY.

III. **FACTS**

6. On December 14, 2024, PLAINTIFF was at his home in Waukegan, Illinois.

7. Without warning, provocation, or a legal basis, DEFENDANT TABISZ forcefully threw PLAINTIFF onto the ground, when he arrested PLAINTIFF.

8. Video shows DEFENDANT TABISZ forcefully throwing PLAINTIFF onto the ground.

9. After throwing PLAINTIFF to the ground, DEFENDANT TABISZ told PLAINTIFF, "Oh, you fell, dude. Why'd you fall? Why'd you fall? Get up,"

10. DEFENDANT TABISZ and another Waukegan police officer then picked PLAINTIFF off of the ground.

11. Moments later, as Waukegan police officers are placing PLAINTIFF into DEFENDANT TABISZ's squad car, a Waukegan police officer can be heard saying, "Are you still crying? Stop crying, you stupid m*********er" to PLAINTIFF.

12. PLAINTIFF did not engage in any action to warrant the use of force against him by DEFENDANT TABISZ.

13. Lake County State's Attorney Eric Rinehart said PLAINTIFF was cooperating with police before DEFENDANT TABISZ threw PLAINTIFF down.

14. Lake County State's Attorney Eric Rinehart said "The situation was completely under control. Tabisz was not the arresting officer and threw the handcuffed civilian to the ground in the presence of several officers."

15. Lake County State's Attorney Eric Rinehart said "We will hold individuals accountable for breaking the law regardless of their profession."

16. DEFENDANT TABISZ was placed on administrative leave due to his use of force against PLAINTIFF.

17. DEFENDANT TABISZ has been criminally charged with official misconduct.

18. DEFENDANT TABISZ has been criminally charged with misdemeanor battery.

19. PLAINTIFF is no longer being criminally prosecuted for the incident leading up to his arrest on December 14, 2024.

20. As a direct and proximate result of the aforementioned acts of DEFENDANT TABISZ, PLAINTIFF was caused to suffer serious injury, pain, suffering, and mental anguish both now and in the future.

21. The Lake County State's Attorney's Office, by and through its representatives, is of the opinion that DEFENDANT TABISZ used an unreasonable amount of force onto the body of the PLAINTIFF on DECEMBER 14, 2024.

<u>**COUNT I**</u>
<u>**Excessive Force Claim Pursuant to**</u>
<u>**42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution**</u>
<u>**(Against DEFENDANT TABISZ**</u>

22. PLAINTIFF restates and re-alleges paragraphs 1 – 21 as though fully set forth herein.

23. The actions of DEFENDANT TABISZ amounted to an excessive use of force onto the PLAINTIFF and caused a deprivation of the Fourth Amendment of the United States Constitution.

24. The aforementioned actions of DEFENDANT TABISZ were the direct and proximate cause of the constitutional violations set forth above and caused physical and emotional injury.

WHEREFORE, PLAINTIFF demands compensatory damages from DEFENDANT TABISZ. PLAINTIFF also demands punitive damages, costs, and attorneys' fees against DEFENDANT TABISZ, and whatever additional relief this Court deems equitable and just.

## COUNT II
## State Law Battery Claim
## (Against DEFENDANT TABISZ)

25. PLAINTIFF restates and re-alleges paragraphs 1 – 21 as though fully set forth herein.

26. DEFENDANT TABISZ battered and slammed the PLAINTIFF onto the ground numerous times with significant force. The actions of DEFENDANT TABISZ amounted to an excessive use of force onto the PLAINTIFF.

27. PLAINTIFF suffered injury as a result.

28. The conduct of DEFENDANT TABISZ was in violation of the State of Illinois Law as a battery.

29. The aforementioned actions of DEFENDANT TABISZ were the direct and proximate cause of the violations and injuries set forth above and caused PLAINTIFF physical and emotional injury.

WHEREFORE, PLAINTIFF demands compensatory damages and costs from DEFENDANT TABISZ.

### COUNT III
### 745 ILCS 10/9-102
### Claim Against the DEFENDANT CITY

30. PLAINTIFF restates and re-alleges paragraphs 1 – 29 as though fully set forth herein.

31. The DEFENDANT CITY is the employer of DEFENDANT TABISZ.

32. DEFENDANT TABISZ, as alleged above, committed the acts under color of law and in the scope of employment of the DEFENDANT CITY.

WHEREFORE, DEFENDANT TABISZ in his individual capacity, be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the DEFENDANT city pay any judgment obtained against DEFENDANT TABISZ as a result of this Complaint.

### COUNT IV
### Supplementary Claim for *Respondeat Superior* Against the DEFENDANT CITY

33. PLAINTIFF restates and re-alleges paragraphs 1 – 29 as though fully set forth herein.

34. The aforesaid acts of DEFENDANT TABISZ were in the scope of employment, and therefore, the DEFENDANT CITY, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*, for the state law claims alleged herein.

WHEREFORE should DEFENDANT TABISZ, in his individual capacity, be found liable for any state claims alleged herein, PLAINTIFF demands judgment against the DEFENDANT CITY and such other additional relief that this Court deems equitable and just.

## **JURY DEMAND**

PLAINTIFF demands trial by a twelve-person jury.

                                                              Respectfully submitted,

                                                              *s/Blake Horwitz*
                                                              Plaintiff's Attorney

Blake Horwitz, Esq.
**The Blake Horwitz Law Firm, Ltd.**
216 S. Jefferson St., Ste. 101
Chicago, IL 60661
Phone: (312) 676-2100
bhorwitz@bhlfattorneys.com